IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DUAY J. JADO,                          :
                                       :
                Petitioner,            :
                                       :   CIVIL NO. 3:CV-09-893
            v.                         :
                                       :   (Judge Vanaskie)
THOMAS DECKER, et al.,                 :
                                       :
                Respondents.           :

MEMORANDUM

Background

Duay J. Jado, a detainee of the of the Immigration and Customs Enforcement

subsection of the Department of Homeland Security (ICE) presently confined at the York

County Prison, York, Pennsylvania, filed this pro se habeas corpus petition pursuant to 28

U.S.C. § 2241.  Petitioner has also submitted an application requesting leave to proceed in

forma pauperis. For the following reasons, Jado will be granted leave to proceed in forma

pauperis for the sole purpose of filing the instant petition, and his prematurely filed Petition will

be referred to ICE for review under its regulations.

Named as Respondents are ICE, Warden Mary Sabol of the York County Prison, ICE

Field Office Director Thomas Decker, and the United States' Attorney General.[1]  Petitioner

---

[1]  The only properly named respondent in a federal habeas corpus action is the applicant's custodial official.  See 28 U.S.C. § 2242.

states that he "was born in Greece to foreign parents from Iraq." Dkt. Entry # 1, p. 2. Jado asserts that upon his December 22, 2008 completion of a federal criminal sentence,[2] he was taken into custody by ICE. Since that date he has allegedly remained in ICE custody without having been afforded a timely and meaningful opportunity to obtain his release.

Despite his full cooperation, Petitioner claims that ICE has been unable to remove him to any country. He adds that there is no significant likelihood that he will be removed in the foreseeable future. Relying upon Zadvydas v. Davis, 533 U.S. 678, 689 (2001), Jado seeks his immediate release from his "continued indefinite detention" on the grounds that the "ninety-day statutory removal period and six-months presumptively reasonable period for continued removal efforts both have passed." Dkt. Entry # 1, p. 3.

Discussion

The present petition for habeas corpus is dated May 8, 2009 and will be presumed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court). Although Petitioner maintains that he has been in ICE custody since December 22, 2008, he does not specifically state that he is subject to a final order of removal. There is also no indication from Jado that the Court of

---

[2] Aliens convicted of an aggravated felony or controlled substance laws are subject to mandatory detention during the brief period necessary to conduct their administrative removal proceedings under 8 U.S.C. § 1226(c). See Demore v. Kim, 538 U.S. 510, 531 (2003). There is no indication that Jado's present action is challenging prolonged mandatory detention under § 1226.

Appeals has entered or been requested to enter a stay of removal. His Petition does vaguely assert that he has exhausted all administrative remedies to the extent required by law and that his indefinite detention is not authorized under 8 U.S.C. § 1231(A)(6). See id. Since § 1231(A)(6) only applies to inadmissible or criminal aliens subject to an order of removal, it will be presumed for purposes of this discussion that a final order or removal has been entered in Jado's case.

After the entry of a final administrative order of removal, 8 U.S.C. § 1231 grants the Attorney General ninety (90) days in which to remove an alien from the United States, during which time detention is mandatory.[3] Accepting Petitioner's contention that he has been in continuous ICE custody since December 22, 2008 and assuming that a final order of removal was entered in his case prior to February 15, 2009, the ninety (90) day period has expired.[4] At

---

[3] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

    (i)   The date the order of removal becomes administratively final.

    (ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

    (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

[4] Of course, in the event that the mandatory 90 day period has not expired, Jado's
(continued...)

the conclusion of the ninety (90) day period, the alien may be held in continued detention, or may be released under continued supervision.  See § 1231(a)(3) & (6).

The United States Supreme Court in Zadvydas recognized that indefinite detention of aliens raises serious constitutional concerns, and concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas, 533 U.S. at 689.  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention."  Id. at 701.

Upon the conclusion of the six (6) month period, if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.  Not every alien must be released after six (6) months.  Rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.  The Zadvydas holding was limited to removable aliens.  In Clark v. Martinez, 543 U.S. 371, 385 (2005), the Supreme Court extended the Zadvydas criteria to two Mariel Cubans who had been deemed inadmissible to

---

[4](...continued)
present petition is premature.

the United States.  Thus, Jado is entitled to protection under <u>Zadvydas</u> regardless of whether he is a removable or an inadmissible alien.

In response to <u>Zadvydas</u>, ICE adopted 8 C.F.R. § 241.4(k), which provides that prior to the expiration of the ninety (90) day removal period, the appropriate ICE district director shall conduct a custody review for aliens who cannot be removed during the prescribed period and make a determination as to whether the detainee should be released pending removal.  When release is denied, the district director may retain responsibility for the alien up to three months or refer the alien to ICE's Headquarters Post-order Detention Unit (HQPDU).

Special review procedures apply following the transfer of an alien's case to the HQPDU. <u>See</u> 8 C.F.R. § 241.13.  Specifically, an eligible alien may make a written request for release to the HQPDU "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien with a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R. § 241.13(e)(1).  The HQPDU may grant an interview to the alien if such an interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13 (e)(5).  The factors that the HQPDU must consider include:

the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory.

8 C.F.R. § 241.13(f). The Regulation further provides that the "HQPDU shall issue a written decision based on the administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide the decision to the alien, with a copy to counsel of record, by regular mail." 8 C.F.R. § 241.13(g).

Since Petitioner acknowledges that he has only been in ICE custody since December 22, 2008, the six (6) month period contemplated by Zadvydas had not expired when he filed his habeas petition. Accordingly, Petitioner's action which seeks relief under Zadvydas is subject to dismissal as being prematurely filed.

There is no indication that Jado has filed either a request for an initial custody determination under 8 C.F.R. § 241.4 or a request for release with the HQPDU under 8 C.F.R. § 241.13. In light of the liberal treatment afforded pro se litigants and because the six (6) month period contemplated in Zadvydas may be approaching conclusion, the interests of due process and judicial economy would be best served by instructing Respondents to treat this §

2241 petition as a request for release under § § 241.4 and 241.13.  See  Caulker v. Gonzales, Civil No. 3:CV-08-1877, slip op. (M.D. Pa. Oct. 16, 2008)(Vanaskie, J.).  Darcelin v. Sabol, Civil No. 3:CV-09-74 slip op.  (M.D. Pa. May 14, 2009)(Conaboy, J.).  ICE shall respond to the request under its existing review procedures within the mandated time period.  Upon conclusion of the Zadvydas six (6) month period, Jado, if he remains detained, may file a new § 2241 petition.  An appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DUAY J. JADO,                                    :
                                                 :
                    Petitioner,                  :
                                                 :
          v.                                     :          CIVIL NO. 3:CV-09-893
                                                 :
THOMAS DECKER, et al.,                           :
                                                 :          (Judge Vanaskie)
                                                 :
                    Respondents.                 :

ORDER

NOW, THEREFORE, THIS 22nd DAY OF MAY, 2009, in accordance with the

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1.      Petitioner is granted leave to proceed in forma pauperis for the sole purpose of

        filing the instant petition.

2.      The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as

        prematurely filed.

3.      Respondents are directed to treat this § 2241 petition as a request for release

        under 8 C.F.R. § §241.4 and  241.13 and respond to Petitioner's request as

        mandated under said regulations.

4. The Clerk of Court is directed to CLOSE the case.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge
